UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE: )
) Case No. 24-13443-JGR
HIGH SOCIETY FREERIDE COMPANY, LLC )
) Chapter 11, Subchapter V
Debtor. )

## MOTION FOR AUTHORITY TO USE CASH COLLATERAL

The Debtor and Debtor in Possession, High Society Freeride Company, LLC ("Debtor"), by and through its attorneys, Kutner Brinen Dickey Riley, P.C., moves the Court pursuant to 11 U.S.C. § 363(c)(2) and Bankruptcy Rules 4001(b) and 9014 for entry of an order authorizing the Debtor's use of cash collateral, setting a final hearing on the use of cash collateral, and providing adequate protection to properly perfected secured creditors, and as grounds therefor states as follows:

### BACKGROUND

1. The Debtor filed its Voluntary Petition pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code on June 20,2024 ("Petition Date"). The Debtor remains a debtor in possession and is in operation of its business pursuant to 11 U.S.C. §§ 1107 and 1108.

2. The Debtor is a Colorado limited liability company with its principal place of business located in Aspen, Colorado. The Debtor is engaged in business owning and operating a retail and online store selling equipment for outdoor adventure activities, including paddle boards, apparel, skis, and snowboards.

***A. Parties with Interests in Accounts and Accounts Receivables***

3. Pre-petition, on or about February 14, 2024, the Debtor entered into document purporting to be a "Master Future Revenue Purchase Agreement" with 8fig,Inc. ("8fig") for a Merchant Cash Advance Loan in the amount of up to $250,000. Pursuant to the security agreement in the loan documents, the Debtor granted 8fig a security interest in its assets, including accounts, receivables, and tangible assets.

4. 8fig duly perfected its security interest by filing a UCC-1 Financing Statement with the Colorado Secretary of State on February 14, 2024. According to the Debtor's books and records, 8fig is owed approximately $145,000 as of the Petition Date.

5. In December 2023, in order to maintain cash flow for its operations, the Debtor entered into Merchant Cash Advance Agreements with WebBank. While WebBank may assert and interest in the Debtor's cash, accounts, receivables, and cash equivalents, WebBank has not filed a UCC-1 Financing Statement or otherwise protected its interest. The Debtor's books and records reflect that WebBank was owed $263,483 on the Petition Date.

6. **_B. Assets on the Date of Filing_**

7. The Debtor's primary assets are its inventory and its intellectual property. The Debtor valued its inventory at approximately $274,000 On the Petition Date, and its intellectual property in an unknown amount. The Debtor also had funds in its account in the amount of $21,006 across all accounts, and was awaiting a deposit from Shopify as of the Petition Date.

8. The Debtor is replacing its cash, accounts, and receivables on a daily basis in the ongoing operation of its business.

9. The Debtor must use cash collateral to continue its business operations post-petition and maintain the equipment and vehicles used to generate revenue. If the Debtor is not authorized to use cash collateral, the Debtor will not be able to maintain ongoing expenses, including but not limited to insurance, payments to employees, and payments for new orders of inventory.

10. Unless the Debtor is authorized to use cash collateral, the Debtor will suffer irreparable harm and injury from the inability to maintain operations.

11. The Debtor is replacing its accounts and cash in the ordinary course of its operations on a daily basis.

**RELIEF REQUESTED**

12. The Debtor plans to continue operation of its business throughout the Chapter 11 case and propose a Plan of Reorganization which provides for the continuation of the Debtor's business. It is only through a Plan that unsecured creditors will see a recovery on account of their claims.

13. In order to pay necessary operating expenses, the Debtor must immediately use cash collateral in which 8fig, WebBank, and other secured parties (collectively the "Secured Creditors") may have an interest. The Debtor proposes to use cash collateral on an interim basis until such time as the Court schedules a final hearing on the use of cash collateral. At the final hearing, the Debtor will seek relief to use cash collateral during the term of this Chapter 11 proceeding.

14. The majority of the Debtor's revenues and available cash are derived from direct to consumer internet sales. Without the use of cash collateral, the Debtor will have insufficient funding for business operations, and will be unable to meet necessary operating expenses, including payment of insurance, showroom rental, and employee payroll. The Debtor's use of cash collateral during the interim period is therefore necessary to avoid immediate and irreparable harm to the estate.

15. The Debtor will be replacing its accounts, cash, and cash equivalents in the course of its daily operations and therefore the collateral base will remain stable and will improve over time. The Debtor's cash position is projected to be positive after meeting expenses during the term of the Chapter 11 case.

16. In order to provide adequate protection for the Debtor's use of cash collateral to secured creditors, the Debtor has proposed adequate protection for the Secured Creditors or any other creditor with a lien on cash collateral as set forth below. The proposal provides the following treatment on account of cash collateral:

   a. The Debtor will provide the Secured Creditors with a post-petition lien on all post-petition accounts receivable and income derived from the operation of the business and assets, to the extent that the use of the cash results in a decrease in the value of the Secured Creditors' interest in the collateral pursuant to 11 U.S.C. § 361(2). All replacement liens will hold the same relative priority to assets as did the pre-petition liens;

   b. The Debtor will only use cash collateral in accordance with the Budget attached to this Motion as **Exhibit A** subject to a deviation on line item expenses not to exceed 15% without the prior agreement of the Secured Creditors or an order of the Court;

   c. The Debtor will keep all of the Secured Creditors' collateral fully insured;

   d. The Debtor will provide the Secured Creditors with a complete accounting, on a monthly basis, of all revenue, expenditures, and collections through the filing of the Debtor's Monthly Operating Reports; and

   e. The Debtor will maintain in good repair all of the Secured Creditors' collateral.

17. Should the Debtor default in the provision of adequate protection, the Debtor's approved use of cash collateral will cease and the Secured Creditors will have the opportunity to obtain further relief from this Court.

18. The Debtor's request to use cash collateral is made with a complete reservation of rights of secured creditors to their various claims and lien positions in and to the Debtor's assets.

19. Approval of the Debtor's use of cash collateral in accordance with this Motion is, on an interim basis and a final basis, in the best interest of the Debtor, its creditors and the estate as it will allow the Debtor to maintain its ongoing business operations, allow the Debtor to generate revenue, and provide the Debtor with an opportunity to propose a meaningful Plan.

**RELIEF REQUESTED ON AN INTERIM EMERGENCY BASIS**

20. Without the immediate use of cash collateral, the Debtor will not be able to fund ongoing business operations. The Debtor is filing a separate motion requesting an expedited entry of an order approving the interim use of Cash Collateral pursuant to this Motion.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, authorizing the Debtor's use of cash collateral in accordance with this Motion, authorize the Debtor to provide adequate protection to the secured creditors with an interest in cash collateral in the form of that set forth herein, and for such further and additional relief as to the Court may appear proper.

Dated: June 27, 2024                    Respectfully submitted,

By: /s/ Keri L. Riley
Keri L. Riley, #47605
**KUTNER BRINEN DICKEY RILEY, P.C.**
1660 Lincoln Street, Suite 1720
Denver, CO 80264
Telephone: (303) 832-2400
E-Mail: klr@kutnerlaw.com