UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-13443-JGR |
| HIGH SOCIETY FREERIDE COMPANY, LLC ) | |
| ) | Chapter 11, Subchapter V |
| Debtor. ) | |

**MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR AN ORDER AUTHORIZING (A) PAYMENT OF PREPETITION EMPLOYEE WAGES AND SALARIES AND (B) PAYMENT OF ALL COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS**

The Debtor, High Society Freeride Company, LLC ("Debtor"), by and through its attorneys, Kutner Brinen Dickey Riley, P.C., moves the Court for entry of an order authorizing: (a) payment of prepetition employee wages and salaries; and (b) payment of all costs and expenses incident to the foregoing payments, and as grounds therefor states as follows:

1. The Debtor filed its Voluntary Petition pursuant to Chapter 11, Subchapter V, of the Bankruptcy Code on June 20, 2024 ("Petition Date"). The Debtor remains a debtor in possession and is in operation of its business pursuant to 11 U.S.C. §§ 1107 and 1108.

2. The Debtor is a Colorado limited liability company with its principal place of business located in Aspen, Colorado. The Debtor is engaged in business owning and operating a retail and online store selling equipment for outdoor adventure activities, including paddle boards, apparel, skis, and snowboards.

**Employee Payroll Obligation**

3. The Debtor currently employs four employees ("Employees"). The Debtor pays its Employees monthly, with payments made at the end of the month.

4. As of the Petition Date, the Debtor owed approximately $45,570.07 in gross wages earned between January 1, 2024 and the Petition Date ("Employee Wages"), which amount includes the employer payroll tax liability and estimated benefits. A copy of the wages owed through the Petition Date is attached hereto as Exhibit A.

5. It is necessary for the Debtor to compensate the Employees on a timely basis. Substantial delays in paying the Debtor's payroll obligation will adversely affect the Debtor's relationship with its Employees. The continued and uninterrupted service of the Employees is essential to the Debtor's continued operations and restructuring efforts.

6. Each of the Employees provides services that are integral to the Debtor's business operations – overseeing the operations, working on design and marketing, and maintaining the books and records. Employee support for the Debtor's reorganization efforts and continued employment is critical to the Debtor's success. The Debtor cannot afford substantial attrition in its workforce at this stage in its reorganization process.

7. As such, the Debtor requests authority to pay, in its sole and absolute discretion, any pre-petition obligations related to the Employee Payroll Obligation and related liabilities, including employee and employer paid taxes.

## Legal Authority

8. Pursuant to 11 U.S.C. § 507(a)(4), each Employee may be granted a priority claim for:

> allowed unsecured claims, but only to the extent of $15,150 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the Debtor's business, whichever occurs first, for –
>
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or
>
> (B) sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services for the Debtor in the ordinary course of the Debtor's business if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the Debtor.

11 U.S.C. § 507(a)(4).

9. The Debtor owes $45,570.07 for Employee Wages including taxes, spread among two Employees for the period from January 1, 2024 and the Petition Date. The Debtor is seeking authorization to pay its most recent payroll and all costs and expenses incident thereto ("Employee Payroll Obligation") for the payroll period ending June 15, 2024, totaling $8,333.33, and pending availability of funds, to pay remaining amounts authorized totaling $21,966.67 for a total of $30,300, the maximum amount entitled to priority under 11 U.S.C. § 507(a)(4) of $15,150 for each eligible employee.

10. All of the Employee claims that the Debtor seeks to pay in the ordinary course of business are entitled to priority pursuant to Bankruptcy Code § 507(a)(4). Granting the relief sought herein with respect to claims entitled to such priority would affect only timing, and not the amount, of the payment to be made to the Employees.

11. Pursuant to sections 363(b) and 105(a) of the Bankruptcy Code and the "necessity of payment" doctrine, the Debtor seeks authority to pay its most recent outstanding Employee Payroll Obligation.

12. Section 363(b)(1) of the Bankruptcy Code authorizes a debtor-in-possession to use property of the estate other than in the ordinary course of business after notice and a hearing. Section 105(a) of the Bankruptcy Code further provides, in pertinent part, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

13. In general, the Bankruptcy Code's priority scheme "constitutes a basic underpinning of business bankruptcy law." *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 983 (2017). In the context of first-day motions, including a motion to pay pre-petition employee wages, courts have repeatedly held that there are "significant Code-related objectives" that are served by allowing the exceptions, such as the "necessity of payment doctrine," to the priority distribution scheme. *See id.* at 985; *In re Nine W. Holdings, Inc.*, 588 B.R. 678, 690 (Bankr. S.D.N.Y. 2018).

14. A substantial Code-related objective exists to authorize the payment of pre-petition employee wages. The Employees rely on their wages and compensation to pay for the basic necessities of life, rent, food, and energy. If the Debtor fails to pay the Employees on time, it will result in a substantial hardship to the Employees and will result in many of the Employees seeking other employment.

15. Retention of the Employees is vital to preserving the value of the Debtor's business. If the Employees seek employment elsewhere, the Debtor would have difficulty finding new employees given the current Colorado job market, and would have to hire and train new employees to replace any Employees who left, resulting in additional costs and expenses for the Debtor. Additionally, the Debtor would lose substantial business while they hired and trained replacements.

16. Even if Employees remain with the Debtor, it will be difficult for the Debtor to maintain the morale and dedication of the Employees if the Debtor is not authorized to pay the

Obligations, resulting in a decrease of business for the Debtor. Such a result would negatively affect the value of the Debtor's business and the Debtor's ability to successfully reorganize. The continued support of the Debtor's reorganization efforts by the Employees is critical. As such, it is in the best interests of the Debtor, creditors and the estate for the Debtor to be authorized pay the Obligations.

17. The Debtor will have sufficient funds on hand to pay the Obligations. The Debtor's funds are cash collateral in which one or more secured creditors has an interest. All secured creditors will receive notice of this Motion on an expedited basis.

WHEREFORE, the Debtor prays that the Court make and enter an order authorizing the Debtor, in its sole discretion, to pay the Obligations to its Employees and related parties, including taxing authorities, that accrued but remained unpaid as of the Petition Date; and for such further and additional relief to the Court may appear proper.

DATED: June 27, 2024                Respectfully submitted,

By: __/s/ Keri L. Riley__
Keri L. Riley, #47605
**KUTNER BRINEN DICKEY RILEY, P.C.**
1660 Lincoln Street, Suite 1720
Denver, CO 80264
Telephone: (303) 832-2400
E-mail: klr@kutnerlaw.com

| EXHIBIT A | |
|---|---|
| High Society Freeride Company | |
| Pre-Petition Wages | |
| | |
| | Date: June 26, 2024 |
| Employee Name | January 1-June 26 Unpaid Pre-Petition Wage Amount |
| | |
| Charles, Reginald | $25,098.51 |
| Flynn, Jason | $0.00 |
| Menter, Paul | $25,648.58 |
| Schutz, Joseph Paul | $0.00 |
| | |
| TOTAL | $50,747.09 |
| | |
| Statutory Maximum | $15,150.00 |
| Number of employees with unpaid pre petition wages | 2 |
| Total Eligible: | $30,300.00 |

5