UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE: )
)  Case No. 24-13443-JGR
HIGH SOCIETY FREERIDE COMPANY, LLC )
)  Chapter 11, Subchapter V
Debtor. )

**ORDER GRANTING MOTION FOR ENTRY OF ORDER: 1) APPROVING ASSET PURCHASE AGREEMENT BY AND BETWEEN DEBTOR AND PADDLE NORTH, LLC; 2) AUTHORIZING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b), (f), AND (m); AND 3) GRANTING RELATED RELIEF**

THIS MATTER, comes before the Court on the Debtor's Motion for Entry of an Order: 1) Approving Asset Purchase Agreement By and Between the Debtor and Paddle North, LLC ("Buyer"); 2) Authorizing the Sale of Assets Free and Clear of Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), (f), and (m); and 3) Granting Related Relief ("Sale Motion"). In connection with the Sale Motion, the Debtor sought Court approval of the Asset Purchase Agreement by and Between the Debtor and Paddle North, LLC ("Sale Contract") providing for the sale of substantially all of the Debtor's assets, as set forth in the Sale Contract.

Pursuant to the Sale Motion, the Debtor requests that the Court to enter an Order:

i. Approving the Debtor's entry into and performance under the Sale Contract;

ii. Approving the sale of the Debtor's assets to the Paddle North, LLC ("Buyer") pursuant to 11 U.S.C. § 363(b);

iii. Finding that the Buyer is a Buyer in good faith pursuant to 11 U.S.C. § 363(m);

iv. Authorizing such sale free and clear of all liens, claims, interests, and encumbrances pursuant to 11 U.S.C. § 363(f);

v. Authorizing Debtor to pay secured creditors and customary closing costs at closing on the sale;

vi. Waiving the 14-day stay that would otherwise apply to this Order pursuant to Fed. R. Bankr. P. 6004(h); and

0

vii. Granting such additional relief as the Court deems just and proper.

The Court has considered the Sale Motion, and based upon the Motion and the evidence presented in support of the Sale Motion,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A. The Court has jurisdiction to hear and determine the Sale Motion and to grant the relief requested in the Sale Motion pursuant to 28 U.S.C. §§ 157(a) and 1334;

B. Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N), and (O);

C. The statutory predicates for the relief requested in the Sale Motion are 11 U.S.C. § 363 and Fed. R. Bankr. P. 6004;

D. As set forth in the Certificate of Service filed with this Court in connection with the Sale Motion, notice of the hearing on the approval of the Sale Motion was duly served on all parties entitled to notice, including each entity known to the Debtor to assert a lien, claim, encumbrance, leasehold, or other interest in or against the Debtor's Assets, which notice constitutes good and sufficient notice of the Sale Motion, such that no other or further notice of the Sale Motion or the entry of this Sale Order need be given;

E. The legal and factual bases set forth in the Sale Motion and the record in this case establish a sufficient basis and a reasonable business purpose and judgment for the Debtor to enter into the Sale Contract and to sell the assets to the Buyer, such actions are appropriate exercises of the Debtor's business judgment and in the best interests of the Debtor, its creditors and the Debtor's estate;

F. The offer of the Buyer, upon the terms and conditions set forth in the Sale Contract, including the form and total consideration to be realized by the Debtor pursuant to the Sale Contract, (i) is fair and reasonable; (ii) is in the best interests of the Debtor's creditors and estate; (iii) constitutes full and adequate consideration and reasonably equivalent value for the assets; and (iv) will provide a greater recovery for the Debtor's creditors and other interested parties than would be provided by any other practically available alternative;

G. All connections between the Debtor and the Buyer have been disclosed, and the Sale Contract was negotiated and has been undertaken by the Debtor and the Buyer at arm's length without collusion or fraud, and in good faith within the meaning of Bankruptcy Code

1

section 363(m), and, as a result of the foregoing, the Debtor's estate and the Buyer are entitled to the protections of Bankruptcy Code section 363(m);

   H. With respect to each entity asserting a lien, lease, or other interest in the assets, such entity has consented in accordance with 11 U.S.C. § 363(f)(2), or could be compelled in a legal or equitable proceeding to accept money satisfaction of such interest in accordance with 11 U.S.C. § 363(f)(5);

   I. The transfer of the Purchased Assets to the Buyer will be a legal, valid and effective transfer of the Purchased Assets, and shall vest Buyer with all right, title and interest of the Debtor to the Purchased Assets free and clear of any and all claims, encumbrances and interests; and

   J. In the absence of a stay pending appeal, the Buyer will be acting in good faith pursuant to Bankruptcy Code section 363(m) in closing the transactions contemplated by the Sale Contract following entry of this Sale Order, and cause has been shown as to why this Sale Order should not be subject to the stay provided by Bankruptcy Rules 6004(h).

**THEREFORE**, **IT IS HEREBY ORDERED THAT:**

   1. The Sale Motion is GRANTED in its entirety;

   2. The Sale Contract is APPROVED and the Debtor is authorized to sell substantially all of its assets in accordance with 11 U.S.C. § 363(b) pursuant to the Sale Contract;

   3. The purchase price of $30,000 is fair and reasonable under the circumstances and the Debtor is authorized to effectuate the transfer of the assets to the Buyer pursuant to the Sale Contract. Such transfer shall be, and is hereby deemed to be, a legal, valid, and effective transfer of the assets, and vests with the Buyer all right, title, and interest of the Debtor and the Debtor's estate in the assets. The Debtor is authorized to execute any and all instruments and other documents necessary or appropriate to effectuate the transfer;

   4. Subject to closing of the sale and payment of the Purchase Price, the sale of the assets to the Buyer shall be free and clear of any and all liens, claims, interests, and encumbrances pursuant to 11 U.S.C. § 363(f), with all liens to attach to the sale proceeds at closing;

   5. All persons or entities, presently or on or after the Closing Date in possession of any of the purchased assets are directed to surrender possession of the purchased assets to the Buyer on the Closing Date or at such time thereafter as set forth in the Sale Contract;

6. The Buyer under the Sale Contract is a buyer in good faith and subject to the provisions of 11 U.S.C. § 363(m);

7. The validity of the sale approved hereby shall not be affected by the appointment of a trustee, the dismissal of the above-captioned case, or its conversion to another chapter under the Bankruptcy Code; and

8. Pursuant to Fed.R.Bankr.P. 6004(h), the fourteen (14) day stay is hereby suspended, and this Order is effective immediately.

DONE and entered this 4th day of March, 2025 at Denver, Colorado.

BY THE COURT:

_____
Honorable Joseph G. Rosania, Jr.
United States Bankruptcy Court